IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ERIC R. FANNIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05-0182-CV-W-SOW |
| TAYLOR CABLE PRODUCTS, INC., | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are defendant's Motion to Dismiss (Doc.# 4), defendant's Suggestions in Support, plaintiff's Suggestions in Opposition, and defendant's Reply. For the reasons stated below, defendant's motion is granted.

I. Background

Plaintiff filed a Complaint against defendant Taylor Cable Products, Inc. ("Taylor") on February 28, 2005, seeking declaratory and injunctive relief as well as monetary damages to redress the alleged deprivation of his rights pursuant to TitleVII, 42 U.S.C. §§ 2000(e) et seq, as amended by the Civil Right Act of 1991 and 42 U.S.C. §1981. Plaintiff alleges that defendant Taylor discriminated against him in his employment based on his race.

Specifically, plaintiff alleges that he was "denied promotional opportunities" that were given to less qualified Caucasian employees. Plaintiff contends that his work environment was hostile in Count I of his Complaint. In Count II of his Complaint, plaintiff asserts a claim that his employment was terminated for discriminatory reasons. Plaintiff's Count III alleges that he

1

was subjected to retaliation. Defendant Taylor moves to dismiss plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b).

The facts relevant to the pending motion to dismiss are as follows: It is undisputed that plaintiff is an African-American male. Plaintiff was hired by defendant Taylor as a receiving clerk in approximately March of 2002. Defendant Taylor adds that plaintiff replaced a Caucasian employee who had quit and who had been paid a lower rate than plaintiff.

With respect to plaintiff's claim that he was denied promotional opportunities, defendant states that plaintiff's position was a "one person position." In other words, plaintiff was the only person with his job category and position in the facility. Defendant asserts that there were no advancement opportunities for plaintiff from his position as he had the highest job position possible for an individual with his education and training. Plaintiff has not identified the promotional opportunity that he was denied.

Plaintiff was evaluated after his initial 90-day period of employment. Plaintiff did not receive a raise at that time due to attendance problems. Plaintiff did receive a raise six months after he was hired and he received an additional raise on December 8, 2003.

In support of the three claims he has asserted in his Complaint, Plaintiff states that the phone to his office was removed by the owner of the company, Mr. Bill Beaver. Plaintiff alleges that the removal of the telephone made it "virtually impossible" for him to perform his job duties. Defendant states that plaintiff's work area initially had a telephone; however, workers who did not belong in plaintiff's work area were frequently found there using the telephone.

2

Defendant explains that to reduce employee loitering in the area, the telephone was removed as it was not essential to the performance of plaintiff's job duties. Defendant asserts that plaintiff had no need to communicate outside the facility while performing his job duties. There was one person within the facility with whom plaintiff had a need to communicate and defendant installed an intercom enabling plaintiff to communicate with that person as needed.

In addition, plaintiff claims that he was never informed when he received important telephone calls from home while he was at work while other similarly-situated non-black employees regularly received phone messages over defendant's intercom system. Defendant responds that plaintiff was never intentionally denied telephone messages. Defendant states that plaintiff's phone messages were handled the same as all other employees whose work area was outside the main office.

Defendant adds that on May 10, 2004, plaintiff was reprimanded for unprofessional conduct related to his receipt of non-work-related telephone calls as well as for "inappropriate dealings with the support staff related to a phone message."

Plaintiff states that he inherited an "extensive racing jacket collection" from his brother-in-law. Plaintiff claims that the Vice-President of defendant Taylor opined that he had stolen the jackets. Plaintiff states that the Vice-President stated that plaintiff could "get a good deal in the hood" for the jackets. Defendant does not deny these alleged facts.

According to plaintiff, he was terminated on or about August 13, 2004, after he inquired about a raise and after he made the statement that the reason he could not receive a raise was because he is African-American and "the influx/hiring of illegals [sic] is cutting into the

3

Case 4:05-cv-00182-SOW   Document 8   Filed 06/27/05   Page 3 of 7

available monies." Defendant states that plaintiff was terminated for disrespect towards administrative staff. Defendant adds that plaintiff's work performance and attendance had been suffering for some time prior to the ultimate decision to terminate him. Defendant has provided the Court with copies of plaintiff's attendance records. Defendant states that these issues had been discussed with plaintiff and documented in plaintiff's employee file prior to the termination of plaintiff's employment and defendant has provided the Court with a copy of plaintiff's employee file documents.

## II. Standard

Defendant seeks the dismissal of plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief may be granted. In order to survive a motion to dismiss, a plaintiff must allege facts that are legally sufficient to state a claim under 42 U.S.C. §1981 and Title VII. Baltimore-Clark v. Kinko's, 270 F.Supp.2d 695 (D. Md. 2003).

## III. Discussion

In order to state a 42 U.S.C. §1981 claim, a plaintiff must allege and prove "purposeful discrimination." General Building Contractors Assn. v. Pennsylvania, 458 U.S. 375, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). To prevail in a Title VII case, a plaintiff may directly prove discrimination or proffer indirect proof of discrimination through disparate treatment. Lee v. Russell County Board of Education, 684 F.2d 769 (11th Cir. 1982); International Brotherhood of Teamsters v. United States, 431 U.S. 324, 335-336, n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

A.   Failure to Promote

Although plaintiff alleges that he was denied promotional opportunities, he has failed to

identify any promotional opportunity for which he was eligible and to which a less-qualified Caucasian employee was promoted. In the absence of such an allegation, plaintiff is not entitled to proceed with discovery on this claim.

B.     Hostile Work Environment (Count I)

In support of this claim, plaintiff has alleged that the telephone was removed from his work area, that he did not receive important telephone messages from family members, and that defendant's Vice President made two racially-offensive remarks about some racing jackets plaintiff had inherited. Defendant has proffered a legitimate reason for the removal of the telephone in plaintiff's work area. Plaintiff even concedes that employee loitering was a problem. There is nothing to indicate that the removal of the telephone from plaintiff's work area was based upon his race.

Plaintiff does not have the right to receive telephone messages while he is at work. Defendant Taylor states that plaintiff's telephone messages were handled the same as those of other employees whose work stations were outside the main office area. Plaintiff has failed to identify similarly-situated Caucasian workers who received more preferential treatment with respect to telephone messages in the workplace. His conclusory statements to that effect are not entitled to any weight. *See* Davis v. Frapolly, 717 F.Supp. 614 (N.D. Ill. 1989).

The isolated remarks by the Vice-President do not rise to the level of creating a hostile work environment. Plaintiff worked for defendant Taylor for over two years and has identified one conversation in which one individual made two remarks that could be considered racially offensive. A single alleged subjective racist statement by an employee has been held insufficient

5

to state a cause of action against an employer. Cooper v. Federal Reserve Bank of Richmond, 104 S.Ct. 2794, 467 U.S. 867, 81 L.Ed.2d 718 (1984); Smith v. Pan Am World Airways, 706 F.2d 771 (6th Cir. 1983). The comments by the Vice President do not rise to the level of actionable conduct.

C. <u>Termination of Plaintiff's Employment</u>

Although plaintiff alleges that he was terminated based upon his race, defendant has produced documentation demonstrating that plaintiff was warned and ultimately terminated based upon his treatment of other staff as well as the fact that he had failed to report to work for several days. Plaintiff has failed to identify any Caucasian workers who engaged in similar conduct, but did not have their employment terminated. Plaintiff has not identified any evidence that would support his conclusory allegation that he was terminated based upon his race.

D. <u>Retaliation</u>

Plaintiff's final claim purports to allege retaliatory discharge. To prevail on a retaliatory discharge claim, a plaintiff must establish that the decision to terminate resulted from retaliatory animus. Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 549 (10th Cir. 1999). Plaintiff does not identify any protected activity in which he engaged for which defendant allegedly retaliated. Therefore, plaintiff's claim fails to state a claim upon which relief may be granted and must be dismissed.

## IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that defendant Taylor Cable Product, Inc.'s Motion to Dismiss (Doc.# 4) is granted.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 6-27-05

7

Case 4:05-cv-00182-SOW   Document 8   Filed 06/27/05   Page 7 of 7